## KINSEY vs. KINSEY.

[BILL IN EQUITY BY WIFE FOR PERMANENT ALIMONY.]

1. *When equity will decree permanent alimony to wife.*—It is the settled law of this State, applicable as well to cases which have arisen since, as to those which occurred before the adoption of the Code, that where the husband abandons his wife, without just cause, and casts her upon society, destitute of the means of subsistence, a court of chancery, as an original ground of equity, will entertain a bill filed against him for permanent alimony; and an unfounded charge of infidelity against the wife, in consequence of which she is driven from her husband's house, is equivalent to an abandonment of her, within the meaning of this rule.

2. *Whether value of wife's statutory separate estate must be estimated in fixing amount of alimony.*—Semble, that a decree for permanent alimony, in a suit instituted for that purpose, would not deprive the husband of his right to control the wife's statutory separate estate; consequently, there seems to be no good reason why the value of such separate es-

37 393
95 451

37 393
98 375

37 393
108 88

37 393
123 682

37 393
139 201
139 405

37 393
144 475

tate should be estimated in fixing the amount of alimony, as in divorce cases (Code, §1971); but, since there is no proof in this case that the wife has a statutory separate estate, it is not necessary to decide whether the statute is applicable in such cases.

3. *Exceptions to master's report; objections to evidence.*—If a party fails to object to evidence at the time it is introduced, on a hearing before the master under a reference, he cannot question its competency on exceptions to the master's report.

4. *Same.*—If a party excepts to some particular conclusion or decision of the master under a reference, on the ground that it is unauthorized by the evidence, it is the duty of the master, under the practice in this State, to report the evidence relating to that matter, although the decree of reference did not direct him to report the evidence; yet, if the party excepting did not object to the competency of the evidence adduced before the master, and the decree of reference directed the master to draw a conclusion from the evidence, every reasonable presumption will be made in favor of his decision, and it will not be interfered with unless plainly wrong.

'APPEAL from the Chancery Court of Chambers.
'Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 21st of October, 1859, by Mrs. Mary Kinsey, suing by her next friend, against her husband, Jesse Kinsey; and sought a decree for permanent alimony, on the ground of abandonment. It alleged, that the parties were married, in this State, on the 9th March, 1856, and lived together, as husband and wife, until a short time before the filing of the bill; that the defendant, during the year immediately preceding the filing of the bill, had treated the complainant with great harshness and cruelty, repeatedly threatened her with personal violence, "made against her the basest and vilest charges and accusations, without the shadow of foundation," and finally drove her from his house. The defendant answered the bill, admitting the fact of the marriage as charged; denying the charges of harshness, cruelty, and abandonment; alleging, that the complainant had not fulfilled her conjugal duties towards him, but had neglected and mistreated him while ill, and was subject to fits of ungovernable temper; admitting that he had told her, "if she did not reform her conduct, she must leave his house"; and demurring to the bill for want of equity.

The chancellor overruled the demurrer, and, on final hearing on pleadings and proof, held that complainant was entitled to relief. He therefore ordered a reference to the master, " to ascertain and report what would be a suitable sum *per annum* for the support and maintenance of the complainant, and what would be a suitable allowance for her solicitors' fees." The master reported, that $400 *per annum* was a suitable allowance for the complaintant's support, and that $300 was a reasonable fee for her solicitors ; and appended to his report the evidence which had been adduced before him on the reference. The defendant filed several "objections and exceptions" before the master, (some to the competency of the evidence adduced before him, and others to the correctness of his conclusions,) all of which were overruled by him ; and the chancellor confirmed the report, and overruled the exceptions.

The overruling of the demurrer to the bill, the decree on the merits, and the overruling of the exceptions to the master's report, are now assigned as error.

ALLISON & ANDREWS, and S. F. RICE, for appellant.
RICHARDS & FALKNER, *contra.*

R. W. WALKER, J.—1. Repeated decisions have established it as the law of this State, (and the rule is applicable as well to cases which have arisen since, as to those which occurred before the adoption of the Code,) that where a husband abandons his wife, without just cause; and casts her upon society, destitute of the means of subsistence, a court of chancery, as an original ground of equity, will entertain a bill filed against him for alimony. *Glover v. Glover*, 16 Ala. 440 ; *Wray v. Wray*, 33 Ala. 187 ; *Mims v. Mims, ib.* 98. See, also, *Prince v. Prince*, 1 Rich. Eq. 282, 287 ; *Butler v. Butler*, 4 Littell, 201 ; *Boggess v. Boggess*, 4 Dana, 307 ; *Purcell v. Purcell*, 4 H. & M. 507. A husband, who makes against his wife a charge of infidelity, for which there does not appear to be just cause, and, on that ground, drives her from his house, is considered in

law as having abandoned her.—*Hardin v. Hardin*, 17 Ala.: 250 ; 1 Bishop M. & D. §§ 514–15. This is the state of facts alleged and proved in this case. According to the testimony, the defendant deserted his wife, without just cause, and left her unprovided with the means of support. Under these circumstances, she was entitled to a decree for alimony.

2. There is no proof that the complainant had a separate estate. There was, therefore, no necessity for a reference, even if it be conceded that section 1971 of the Code applies to cases like this, where a divorce is not sought, but only alimony. If the wife has a statutory separate estate, a decree for alimony simply would not deprive the husband of his right to control such separate estate. There would seem to be no good reason, therefore, why the value of the *statutory* separate estate of the wife should be considered in fixing the amount of alimony in cases like the present. It is not necessary, however, to *decide* this question, and we do not do so.

3. Some of the exceptions to the master's report question the competency of the evidence introduced on the hearing before him. These exceptions, it is clear, were properly overruled ; for the reason, that it does not appear that any objection was made to the introduction of the evidence at the time it was offered. If either party desires to object to the evidence introduced on the hearing before the register, or is dissatisfied with the ruling of the register as to its admissibility, objection must be made, and exception taken, before the register, and the question reserved for the revision of the chancellor.—Code, § 2937 ; *Taylor v. Kilgore*, 33 Ala. 222.

4. In reference to the exceptions which assail the conclusions of the register as to what would be suitable allowances for alimony and counsel fees, as not authorized by the evidence, it is to be observed, that the decree of reference did not direct, nor does it appear that either of the parties applied to the register, to report the evidence to the chancellor. The rule is said to be, not to report testimony

taken before the register, unless the decree of reference so directs. When the register is directed to examine and report as to the existence of a fact, or as to any other matter, it is his duty to draw the conclusion from the evidence produced, and to report that conclusion only.—*Kirkman v. Vanlier*, 7 Ala. 228; *In matter of Hemwith*, 3 Paige, 305.; 2 Dan. Ch. Pr. 1481, and note. Under our practice, however, when a party files an exception to some particular conclusion or decision of the register, as unauthorzed by the evidence before him, it becomes the duty of the register to report the evidence relating to that matter to the chancellor.—*Alexander v. Alexander*, 8 Ala. 796; *Darrington v. Borland*, 3 Por. 39, 40. Although it follows from this, that the evidence accompanying the register's report was properly before the chancellor on the hearing of the exceptions, still we think there was no error in confirming the report. We have seen that, as no objection to its competency was made when it was offered, the evidence which is set out is to be considered as having been all legally before the register, and no question as to its admissibility can now be raised. When questions of this sort are referred to a register, and he is directed to draw a conclusion from evidence to be produced before him, every reasonable presumption is to be made in favor of his decision, and it will not be interfered with unless it is plainly wrong. All objections to the competency of the proof being considered as waived, we cannot say that the decision of the register, on the matters referred to him, was clearly wrong; and therefore the chancellor did not err in confirming it.

Decree affirmed.