## JONATHAN SOUTHWICK *vs.* MIRANDA E. SOUTHWICK.

Mere refusal by a wife of sexual intercourse with her husband for five years consecutively, although unjustified by considerations of health or physical disability, is not sufficient to support a libel by the husband for a divorce from the bond of matrimony on the ground of desertion.

LIBEL for divorce from the bond of matrimony for alleged desertion; filed in 1867. The case was reserved by *Wells*, J., for determination by the full court on a report of facts substantially as follows:

The parties were married in 1844, and lived together at Northbridge. They had issue five children, the youngest of whom at the time of this libel was fifteen years old. In July 1861 the wife, taking offence because the husband allowed their eldest son to enlist in the army, withdrew from the bed-room which they had previously occupied together, and from that time occupied at night a separate bed-room from which she constantly excluded her husband; and her manner to him in the household was thenceforward unkind. They continued to live there until 1864, when their house was burned, and he then provided a tenement temporarily for his family, in which she occupied a bedroom from which, as before, she constantly excluded him until, in 1865, she left him, without his knowledge or consent, and took with her the children; and she ever since had lived separate from him; and he testified that by reason of her persistent re-

---

fusal he had no sexual intercourse with her after July 1861. No considerations of health or physical disability appeared to justify her refusal; but by her declarations to him and to others it ap-peared to be wilful, she declaring that she " had left Mr. South-wick's bed and gone up stairs to sleep," that she " did n't intend to have any more boys for Mr. Southwick to send to the war," that she " had no love for him," that she " did n't think she should live with him again as man and wife," that she " did n't feel as if she wanted to live with him," and that " he was noth-ing but a boarder." It appeared that until she finally left him in 1865 he continued to support her and the family.

*G. F. Verry*, for the libellant. For desertion, it is immaterial whether the distance to which the parties remove from each other is great or small. The criterion is the intent to abandon. 1 Bish. Mar. & Div. (4th ed.) § 777. To desert is for one to withdraw at certain times when his assistance and coöperation is required, or to separate himself from that to which he ought to be attached. *Pidge* v. *Pidge*, 3 Met. 257. Wilful abandonment of an em-ployment or duty, and violation thereby of a legal or moral obli-gation, is desertion. *Lea* v. *Lea*, 8 Allen, 418. An absolute refusal to recognize and adhere to any of the marriage obliga-tions and a withdrawal from what distinguishes the relation of marriage from every other relation subsisting between human beings, is desertion. 1 Bish. Mar. & Div. (4th ed.) §§ 781, 782. The mere living in the same house of a man and a woman be-tween whom a marriage ceremony has been performed, is not matrimonial cohabitation. That is the living together and the recognizing, if not performing, the duties and obligations, each to the other, of husband and wife. This wife neither recognized nor performed these duties and obligations, and disregarded them for the purpose of breaking off the matrimonial cohabitation and with the intent to desert.

*G. F. Hoar*, for the libellee, submitted the case without argu-ment.

BIGELOW, C. J. The evidence in this case does not entitle the libellant to a decree of divorce from the bond of matrimony on the ground alleged in the libel. The word desertion in the

statute does not signify merely a refusal of matrimonial intercourse, which would be a breach or violation of a single conjugal or marital duty or obligation only, but it imports a cessation of cohabitation, a refusal to live together, which involves an abnegation of all the duties and obligations resulting from the marriage contract. In the first statute enacted, by which desertion was made a cause of divorce from the bond of matrimony in this Commonwealth, (St. 1838, *c.* 126,) it was expressly provided that the guilty party should have " utterly deserted " the other. In the subsequent statutes on the same subject (St. 1857, *c.* 228, § 2, and Gen. Sts. *c.* 107, § 7) the phraseology is altered, but not with an intention to change the degree or kind of desertion which should be deemed an adequate ground of divorce. *Lea* v. *Lea,* 8 Allen, 418. If such had been the purpose of the legislature, we think it would have been so expressed in terms and not left to implication.

In England, a suit for the restitution of conjugal rights cannot be maintained on the ground of a total and absolute refusal of matrimonial intercourse. A cessation of cohabitation must be shown to warrant a decree. *Orme* v. *Orme,* 2 Addams, 382. *Forster* v. *Forster,* 1 Hagg. Con. 144, 154. Desertion, in such proceedings, is held to signify a refusal to live together. In this country, a suit for divorce on the ground of desertion is the remedy which has been substituted for the English process in like cases of a libel for restitution of conjugal rights ; but the rules and principles which govern the proceedings are substantially alike in both classes of cases. We cannot doubt that the legislature, in providing that desertion should constitute a valid ground of divorce, intended to use the word in the same sense in which it had always been used in analogous proceedings in the English courts. *Libel dismissed.**

---

* A similar decision was made in the case from Suffolk of JOHN M. PAGE *v.* DIANA PAGE, submitted in March, 1867, without argument by *B. F. Russell,* for the libellant, and on his brief by *W. Brigham,* for the libellee.