## ANONYMOUS.

Where a wife continues to live with her husband and perform her house-hold duties, but withdraws from sexual intercourse with him, she does not willfully, continuedly and obstinately desert him, within the meaning of the statute, so as to entitle him to a divorce *a vinculo matrimonii.*

On exception to master's report advising that a petition for divorce be dismissed.

*Mr. Gilbert Collins*, for the petitioner.

THE CHANCELLOR.

The petitioner and defendant were married in 1871, and from that time until 1890 lived together as husband and wife. In April, 1890, upon the occasion of a disagreement, at which the husband, as he says, "merely scolded her," the wife withdrew from his bed and declared that she would never occupy it with him again. She thereupon removed to the front or sitting-room of the two apartments they occupied in a boarding-house, locked the door between the apartments and made her bed-room there until July, 1892, when she took board at another place.

I find that during the time in question, although the communications between the husband and wife were rude and severely constrained, they nevertheless admitted of indirect consultations concerning the needs, comfort and welfare of their two daughters who were away at school. The wife also cared for their rooms and linen and the husband gave her money for her wants and paid her board. They appeared at meals at the same time and at the same table, so that their disagreement did not manifest itself to other boarders in the house.

The petition was filed early in the year 1893, and alleges as ground for divorce a willful, continued and obstinate desertion by the husband for two years.

To cover that statutory period the petitioner seeks to include a portion of the time prior to July, 1892, and hence the question

is presented, whether the withdrawal of a wife from sexual inter-course with her husband, assuming that there was no just cause for the withdrawal, alone constitutes desertion within the meaning of the statute.

A single word as to a suggestion of acquiescence on the part of the petitioner. It does not appear that he, with determined earnestness, ever sought the restoration of his marital rights. He appears rather to have submitted to the position in which his wife's determination placed him, acting as one who, for cause, acquiesces in the justness of a decision against him, basing whatever feeble effort he may have made in that direction upon consideration for their children.

Upon her part, on the contrary, the attitude appears to be one of distress, and yet filled with consciousness of power which the right gives, enabling her to fearlessly demand her support from him.

I think, however, that this appearance of acquiescence of the husband rests too largely upon inference and conjecture to be made the basis of a decision. I prefer to assume that there was no acquiescence and to meet the question first stated.

I have read with interest the elaborate argument of Mr. Bishop, in his work on *Marriage, Divorce and Separation (vol. II. § 1676 et seq.)*, in favor of an affirmative answer to this question as the "better opinion," but I am unwilling to accept it as the true construction of our statute. The word "desertion," I think, is used in the sense of "abandon," to the extent that the deserted party must be deprived of *all* real companionship and *every* substantial duty which the other owes to him or her.

It would, I think, degrade the marriage relation to hold that it is abandoned when sexual intercourse only ceases. The lawfulness of that intercourse is perhaps a prominent and distinguishing feature of married life, but it is not the sum and all of it. The higher sentiment and duty of unity of life, interest, sympathy and companionship have an important place in it, and the thousand ministrations to the physical comforts of the twain by each in his or her sphere, in consideration of the marriage obligation and without ceaseless thought of pecuniary recom-

pense, fill it up. These latter factors may possibly, to some ·extent, exist in other relations of life, but not in completeness. They are all necessary to the perfect marriage relation.

My opinion is, that our statute means that divorce may be had when substantially all of these duties and amenities shall have been abandoned by the guilty party willfully, continuedly and obstinately for two years, and not until then. In other words, the desertion must be complete, not partial; and when the party accused remains in discharge of any duties which rise in value above mere pretence and form, the desertion which the statute contemplates does not exist. This I understand to be the meaning accorded to the word "desertion" in the statute of Massachusetts. *Southwick* v. *Southwick, 97 Mass. 327; Magrath* v. *Magrath, 103 Mass. 577; Cowles* v. *Cowles, 112 Mass. 298.*

In the present case, I find that within two years prior to the filing of the petition the defendant did remain with her husband in the discharge of at least a substantial portion of her duty to him.

I will sustain the master in his conclusion and dismiss the petition.