WILLIAM P. HARRINGTON *v.* GRACE E. HARRINGTON.

*(May* 4, 1937.)

HARRINGTON and RICHARDS, J. J., sitting.

*A. James Gallo* for petitioner.

*Harry P. Joslyn* and *Joseph H. Flanzer* for respondent

Superior Court for New Castle County, Petition for Divorce, No. 13, January Term, 1937.

HARRINGTON, J., delivering the opinion of the Court:

*Section* 3499 of the *Revised Code* of 1935, among other things, provides: That "the causes for divorce from the bonds of matrimony shall be: * * * (e) Willful desertion for two years."

The petitioner relies on this provision of the statute. It is true that he states in his amended petition that he left his wife, but he, also, alleges that he left her because, though she became pregnant by him on three several occasions, in the years 1929, 1930 and 1931, she refused to have children on those occasions, and, contrary to his expressed wishes, took the necessary steps to prevent that taking place, by operations, either performed by herself, or otherwise; that from July, 1931, until July 7th, 1933, the date of the separation, the respondent still refused to bear children; that this conduct on her part resulted in "numerous arguments and finally separation" on July 7th, 1933, and that the respondent is, therefore, guilty of willful desertion.

■ Willful desertion, within the meaning of the divorce statute "is a voluntary separation of one of the married parties from the other, or the voluntary refusal to renew a suspended martial relation, without justification either in the consent, or wrongful conduct of the other." *Ward v. Ward, 7 Penn.* 364, 75 *A.* 611; 1 *Bish. on Mar. and Div.,* § 1662.

■ To constitute a willful desertion, the separation must, therefore, not only be for the full statutory period of two years, but it must, also, be intentional, without real justification or excuse, and without the consent of the other party. *Ward v. Ward, 7 Penn.* 364, 75 *A.* 611; *Lea v. Lea, 99 Mass.* 493, 96 *Am. Dec.* 772; 1 *Bish. on Mar. and Div.,* § 1663; 19 *C. J.* 56, 64, 68; 9 *R. C. L.* 354-356, 358.

In most cases, if the husband leaves the wife he is guilty of desertion. There are cases, however, where the conduct of the wife toward him is so flagrant and highly improper that, though he leaves the family home, he is regarded as the innocent party, and, because of her misconduct, is entitled to a divorce from his wife on the ground of willful desertion. *McVickar v. McVickar, 46 N. J. Eq.* 490, 19 *A.* 249, 19 *Am. St. Rep.* 422; *Kinsey v. Kinsey, 37 Ala.* 393; *Keez. on Mar., Div., Sep., and etc.* 796; 9 *R. C. L.* 362; 19 *C. J.* 61; *Hudson v. Hudson, 59 Fla.* 529, 51 *So.* 857, 29 *L. R. A.* (*N. S.*) 614, 138 *Am. St. Rep.* 141, 21 *Ann. Cas.* 278; see, also, *Ward v. Ward, 7 Penn.* 364, 75 *A.* 611; *Stocking v. Stocking, 76 Minn.* 292, 79 *N. W.* 172, 668.

Some courts have held that to justify the application of this principle, the acts of the offending party must be of such a nature that they in themselves will justify a divorce. *Csanyi v. Csanyi, 93 N. J. Eq.* 11, 115 *A.* 76; *Van Dyke v. Van Dyke, 135 Pa.* 459, 19 *A.* 1061; *Barnett v. Barnett, 27 Ind. App.* 466, 61 *N. E.* 737; *Eshbach v. Eshbach, 23 Pa.* 343; *Keez. on Marr., Div., Sep., and Dom. Rel.,* 249,

250; 2 *Schouler on Marr., Div., Sep. and Dom. Rel.* (6th *Ed.*) 1860; 9 *R. C. L.* 363; 19 *C. J.* 61, 80.

This is because separations for insufficient reasons are clearly contrary to the policy of the law and, if for any reasons not in themselves grounds for a divorce, are not justified. *Stocking v. Stocking,* 76 *Minn.* 292, 79 *N. W.* 172, 668; *Bish. on Marr. and Div.,* § 795-799.

But other courts have adopted a somewhat more liberal rule. They have held that the interests of public policy and sacredness of the marriage tie can be subserved by permitting the petitioner to set up in explanation of an apparent desertion on his part misconduct on the part of the respondent that is absolutely inconsistent with the marriage relation, and that makes it impossible to continue cohabitation with safety, health or self respect, although such misconduct is perhaps not in itself a sufficient ground for a divorce. *Kinsey v. Kinsey,* 37 *Ala.* 393; *Stocking v. Stocking,* 76 *Minn.* 292, 79 *N. W.* 172, 668; *Powell v. Powell,* 29 *Vt.* 148; 21 *Ann. Cas.* 283; 19 *C. J.* 80.

That rule commends itself to us as reasonable and just in proper cases, but its application necessarily depends on the facts of the particular case. In fact, if any other rule were applied one of the parties might be compelled in some cases to submit to indignities that would make life almost intolerable. No actual intent of the guilty party to drive the other party away need be shown. It is enough if separation is the natural consequence of her acts (*McVickar v. McVickar,* 46 *N. J. Eq.* 490, 19 *A.* 249, 19 *Am. St. Rep.* 422) ; but to come within this rule the acts of the wife clearly must be so flagrant and highly improper as to justify the husband in leaving her.

Perhaps we might also state that disagreements, on whatever ground, incompatibility of temper, want of

affection, or such treatment as merely disturbs the peace and quiet of the family home are not sufficient to justify the husband in leaving his wife. *Hitchcock v. Hitchcock,* 15 *App. D. C.* 81; *Van Dyke v. Van Dyke,* 135 *Pa.* 459, 19 *A.* 1061; *Loftus v. Loftus,* 134 *Ill. App.* 360; 19 *C. J.* 80.

It is true that in considering whether the husband was entitled to a divorce from his wife, who had left him because of alleged cruel treatment on his part, this court, in *Ward v. Ward,* 7 *Penn.* 364, 75 *A.* 611, 612, *supra,* said:

"The wife's separation by the husband's compulsion may be caused either by actual physical force against her, or by threats and conduct on his part sufficient to afford her reasonable ground for believing or fearing that the security of her life or person is seriously endangered, unless she seeks safety by leaving him."

But the remarks of the court in that case were apparently based on the facts before it, and there is nothing to indicate that it intended to lay down the rule that nothing less than facts, which in themselves will justify a divorce, is a sufficient ground for a separation, on which a so-called constructive desertion can be based. However that may be, the facts alleged in the petition do not justify the application of that principle in this case.

In England, when no questions of health, physical inability, or other good reasons are involved, the continued and persistent refusal of even reasonable sexual intercourse seems to be willful desertion by the offending party (21 *Ann. Cas.* 283); and the text books on the subject seem to approve that rule. 1 *Bish. on Mar. and Div.,* § 1676.

But under the same circumstances a different rule is applied by the majority of the courts in this country. *Fritz v. Fritz,* 138 *Ill.* 436, 28 *N. E.* 1058, 14 *L. R. A.* 685, 32 *Am. St. Rep.* 156; *Reid v. Reid,* 21 *N. J. Eq.* 331; *Southwick v. Southwick,* 97 *Mass.* 327, 93 *Am. Dec.* 95; 9 *R. C. L.* 350, 368; 19 *C. J.* 58, 81. This is because sexual intercourse, and the consequent propagation of children, is not the sole

duty incident to the marriage contract. *Fritz v. Fritz,* 138 *Ill.* 436, 28 *N. E.* 1058, 14 *L. R. A.* 685, 32 *Am. St. Rep.* 156; *Southwick v. Southwick,* 97 *Mass.* 327, 93 *Am. Dec.* 95; *Magrath v. Magrath,* 103 *Mass.* 577, 4 *Am. Rep.* 579; 9 *R. C. L.* 369. But in the absence of good reasons, the continued and persistent refusal by one of the parties to have reasonable sexual intercourse with the other party may, perhaps, be considered with other facts in determining whether he or she is guilty of desertion. *Magrath v. Magrath,* 103 *Mass.* 577, 4 *Am. Rep.* 579; 9 *R. C. L.* 369.

█ Applying these principles, it is clear that the plaintiff is not entitled to a divorce from his wife on the grounds alleged, and his petition is, therefore, dismissed.