Catherine Ann PARASKEWICH,
Plaintiff Below, Appellant,

v.

William PARASKEWICH, Defendant Below,
Appellee.

Supreme Court of Delaware.

Nov. 1, 1966.

Gerald Z. Berkowitz, of Wahl, Greenstein & Berkowitz, Wilmington, for appellant.

Before WOLCOTT, C. J.; and CAREY and HERRMANN, JJ.

WOLCOTT, Chief Justice:

This is an appeal from the denial to the wife of an uncontested divorce. The wife sought a divorce under 13 Del.C. § 1522 for desertion.

■ To prove willful desertion by a husband under 13 Del.C. § 1522, the proof must establish that the separation existed for the full space of two years; was intentional and without real justification, and without the consent of the wife. Harrington v. Harrington, 8 W.W.Harr. 333, 192 A. 555.

The wife called two witnesses to testify that her husband had left her and had remained away for over two years, but she was the sole witness who gave any testimony concerning the circumstances of the separation.

The wife's testimony in summary was that her husband "knocked" her around for weeks until she could stand it no longer. She then threatened to go to the Family Court, whereupon the husband left the home. Some time after, she attempted a reconciliation with the husband but he refused.

Upon questioning by the trial judge, she stated that she had ceased asking her husband to return because he would not hear of it. She further stated that she no longer wanted him back because of all he had put her through.

On this showing, the petition for divorce was dismissed on the ground that, while the separation at its inception may have been without the wife's consent, at some later time during the two-year period her attitude changed and she acquiesced in the separation. The theory of the court was that if there is consent to the separation, there can be no desertion.

We think the trial judge placed an undue burden on the wife. Fairly appraised, her testimony in substance was that, initially, she actively tried to get her husband to return but was rebuffed in her attempts.

Thereafter, she obtained a job and passively resigned herself to the separation. This feeling of resignation does not amount to a voluntary consent to the separation. It is merely a recognition of a condition which she was powerless to prevent. As such, it is not a bar to her divorce on the ground of desertion. Wood v. Wood, 227 Md. 211, 176 A.2d 229; Pempek v. Pempek, 141 Conn. 602, 109 A.2d 238; D.C. Mun.App., Marcey v. Marcey, 130 A.2d 918.

The judgment below is reversed and the cause remanded with instructions to reinstate the appellant's petition for divorce and to enter a decree nisi.