**Melvin F. BUCHANAN, Plaintiff Below, Appellant,**

v.

**Frances B. BUCHANAN, Defendant Below, Appellee.**

Supreme Court of Delaware.

May 12, 1967.

Ralph F. Keil, and Carl Goldstein, of Keil & Keil, Wilmington, for appellant.

Robert K. Payson, of Berl, Potter & Anderson, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, J., sitting.

CAREY, Justice.

From the Superior Court's denial of a divorce decree, Melvin F. Buchanan has appealed. The complaint was based upon voluntary separation for a period of more than three years with no reasonable expectation of reconciliation. T. 13 Del.C. § 1522(11). The Court below held that the original separation was not voluntary on defendant's part, and that it had not become voluntary during the intervening years. Appellant contends that the Court erred in this finding because the wife's failure to seek a reconciliation during the past eleven years shows her tacit acquiescence requiring an inference of voluntariness.

The action was commenced on August 8, 1966. The evidence, viewed most favorably to appellee, was this: The parties were married on May 5, 1934. After a number of episodes involving threats and abusive conduct by the husband due largely to his drinking habits, the separation took place on September 23, 1955. He had just returned from New York, and made serious threats against the wife and their son, aged thirteen. After the husband went to sleep, the wife and son left the house. They have not since lived together. The trial Judge held that her departure was justified by appellant's actions.

A few days after the separation, the husband wrote to the wife apologizing for his conduct, and stated that he still loved her and would stop drinking if she returned. She wrote him that she would consider returning only if he stopped drinking and assumed responsibility for the full support of his family. Arrangements were thereafter made between them to meet in New York. They did meet at a hotel on October 17, 1955 to discuss reconciliation. Unfortunately, after they had talked very briefly, the wife fainted. During the conversation which took place, however, the husband said he would not stop drinking for anybody. The trial Judge held that this statement was a repudiation of her demand that he reform his ways.

After the New York meeting neither party contacted the other concerning a reconciliation. The husband testified that his

failure to do so was due to his ignorance of the wife's whereabouts, although a support proceeding took place resulting in a consent decree. In any event, appellant contends that the wife's failure for eleven years to take any affirmative steps towards reconciliation shows an acquiescence in the separation, requiring a finding that it became voluntary on her part at some time more than three years before the action was started.

In Willcox v. Willcox, Del., 209 A.2d 166, we held that, even though the original separation may have been involuntary, subsequent events indicated such acquiescence as to justify the trial Court's finding that the separation had become voluntary. That conclusion was, of course, based upon the evidence presented in that case, the conflicts in testimony having been resolved in the plaintiff's favor. We pointed out that, if separation is caused by the fault of one against the will of the other, it is not voluntary. We also said that the wife's failure to make any attempt to persuade the husband to return was some evidence of acquiescence; we did not go so far as to hold that such failure, in and of itself, was sufficient evidence.

In Paraskewich v. Paraskewich, Del., 223 A.2d 530, a wife brought suit on the ground of wilful desertion. She had made one attempt at reconciliation which failed. She made no further effort because her husband had rebuffed her first attempt. The trial Court held that she had, at some time after the separation, acquiesced therein. We reversed, holding that her attitude of "resignation" was simply a recognition of a condition she was powerless to prevent and did not constitute voluntariness within the meaning of our statute.

We think the present case is controlled by Paraskewich, supra, rather than Willcox, supra. Here, the trial Judge observed the witnesses and resolved the factual disputes in appellee's favor. He held that the original separation was involuntary, that the failure of the reconciliation attempts

was caused by the appellant's refusal to change his drinking habits, and that the appellee's inaction thereafter was not an acquiescence and did not show voluntariness on her part. There was ample evidence to justify that ruling. We agree with these findings of fact and the conclusions drawn therefrom.

The judgment below will be affirmed.