**Edmond G. TAYLOR, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Jan. 8, 1979.

Decided May 4, 1979.

---

Marsha Kramarck and David M. Lukoff, Asst. Public Defenders, Wilmington, for defendant below, appellant.

Lucille K. Cirino, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This appeal presents the question of whether the verdict by a Kent County jury that the defendant was not guilty by reason of insanity when he committed certain crimes in Kent County collaterally estops the State from prosecuting the defendant in New Castle County for separate but related offenses which occurred in New Castle County a few hours before the Kent County crimes.

### I.

On August 20, 1975, the defendant Edmond G. Taylor, armed with a handgun, forcibly entered the home of his sister-in-law in New Castle County. The defendant bound his nephew and niece, struck his sister-in-law across the face, and forced her to accompany him in his car. The defendant then drove his sister-in-law to a rural area in Kent County where he raped her, about two hours after entering the victim's home in New Castle County.

Taylor was indicted by the Kent County grand jury on November 3, 1975, for first degree rape, possession of a deadly weapon during the commission of a felony (the rape), and first degree kidnapping. The next day, the New Castle County grand jury indicted Taylor for first degree kidnapping, possession of a weapon during the commission of a felony (kidnap first degree), two counts of kidnap in the second degree, burglary in the first degree, and assault in the second degree, all based upon the series of events in New Castle County which later culminated in the rape in Kent County.

Upon trial in Kent County, the jury returned a verdict of not guilty by reason of insanity. The defendant then moved to dismiss the New Castle County indictment on double jeopardy, collateral estoppel, and statutory[1] grounds. Following a *nolle prosequi* upon the kidnapping and weapon-

1. See 11 *Del.C.* §§ 207, 208, and 209 which provide generally for the barring of a prosecution by a former prosecution for the same offense, a different offense, or an offense in another jurisdiction.

possession charges, the Trial Judge denied the defendant's motion to dismiss the remaining charges.

Upon the defendant's trial in New Castle County, the jury returned verdicts of guilty of the crimes of burglary in the first degree, assault in the second degree, and two counts of kidnapping in the second degree. The defendant has appealed those convictions arguing that "the double jeopardy clause of the Fifth Amendment, embodying both res judicata and collateral estoppel, bars his subsequent prosecution and conviction in New Castle County." The defendant contends that "once an issue necessary for the prosecution's case in the second trial has necessarily been found for the defendant in the first trial, the doctrine of collateral estoppel prevents the defendant from being tried again for a different offense which would of necessity require a redetermination of a prior adverse decision." Thus, essentially, the defendant contends that since it was determined in the Kent County trial that he was insane at the time of the offenses there, the State was collaterally estopped from asserting his sanity in the New Castle County trial.

## II.

■ The test for applying collateral estoppel requires that (1) a question of fact essential to the judgment, (2) be litigated and (3) determined (4) by a valid and final judgment. This four-part test, outlined in *Tyndall v. Tyndall,* Del.Supr., 238 A.2d 343, 346 (1968), follows the *Restatement of the Law of Judgments* § 68 (1942).

■ The Kent County jury had for decision the issue of the defendant's sanity at the time of the Kent County offenses—not his sanity at the time of the New Castle County offenses. This follows from 11 *Del.C.* § 401(a) which provides that "[i]n any prosecution for an offense, it is an

affirmative defense that, *at the time of the conduct charged,* as a result of mental illness or mental defect, the accused lacked substantial capacity to appreciate the wrongfulness of his conduct or lacked sufficient willpower to choose whether he would do the act or refrain from doing it" (emphasis supplied). The Kent County indictment did not include any of the series of events which occurred in New Castle County. The issue of the defendant's sanity in New Castle County prior to his entry into Kent County was not essential to a judgment regarding the issue of his sanity "at the time of the conduct charged" in Kent County.

Thus, even if it is assumed that elements (2), (3) and (4) of the above-mentioned collateral estoppel test were met, the doctrine could not be applied since element (1) is not fulfilled. The question of the defendant's sanity in New Castle County is not a "question of fact essential to the judgment" that he was insane when he committed the offenses in Kent County.[2] To put it another way, "a rational jury could have grounded its verdict upon an issue other than that which defendant seeks to foreclose from consideration." *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

Indeed, the Kent County jury was without jurisdiction to determine the defendant's sanity in relation to the events in New Castle County. Because the Kent County indictment pertained only to the offenses committed in Kent County, and made no mention of the events which occurred in New Castle County, the venue of the Superior Court in and for Kent County extended only to the rape, first degree kidnapping, and weapons offenses which were alleged in the indictment to have been committed in Kent County. This follows from Superior Court Criminal Rule 18, which states that, "except as otherwise permitted by statute

---

2. See *Restatement of the Law of Judgments* § 68(*o*) (1942):

"Facts Not Essential To The Judgment. The Rules stated in this section [collateral estoppel rules] are applicable only where the facts determined are essential to the judgment. Where

the jury or the court makes findings of fact but the judgment is not dependent upon these findings, they are not conclusive between the parties in a subsequent action based upon a different cause of action."

or by these Rules, the prosecution shall be had in the county in which the offense was committed." The *Restatement of Judgments* § 71 (1942) provides that:

"Where a court has incidentally determined a matter which it would have had no jurisdiction to determine in an action brought directly to determine it, the judgment is not conclusive in a subsequent action brought to determine the matter directly."

In summary, this is not a proper case for the application of the doctrine of collateral estoppel because:

(1) The Kent County jury lacked jurisdiction to determine the defendant's sanity at the time the crimes were committed in New Castle County; and

(2) Assuming, *arguendo,* that the Kent County jury did determine that the defendant was insane when he committed the crimes in New Castle County, such determination was not "essential to its judgment" and, therefore, is not entitled to collateral estoppel effect. See *Douthit v. Estelle,* 5th Cir., 540 F.2d 800 (1976); *People v. Kernanen,* Colo.Supr., 178 Colo. 234, 497 P.2d 8 (1972).

Affirmed.