MARGUERITE M. OWENS,
Appellant,

*vs.*

ELLWOOD E. OWENS,
Appellee.

*Supreme Court on Appeal—February 27, 1959.*

*Daniel J. Layton, Jr.,* Georgetown, for appellant.

*Houston Wilson,* Georgetown, and *James M. Tunnell, Jr.,* Wilmington, for appellee.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

WOLCOTT, Justice: This is an appeal from a judgment of the Chancellor denying at the suit of a wife the eviction of her husband from premises owned by the wife formerly occupied as the marital

domicile of the parties, and ordering the entry of a money judgment upon the husband's counterclaim.

The facts are briefly summarized. In the spring of 1953 the plaintiff, at that time a widow, was the owner of certain real estate in Dewey Beach, Sussex County. At that time she decided to erect on a vacant portion of her real estate a three-unit apartment house. She, at that time, made the acquaintance of the defendant, a general contractor, and entered into a contract with him for such construction. In August of 1953, she borrowed sufficient money secured by a mortgage on her property to pay the cost of construction, and upon completion of the construction in May, 1954 paid the defendant in full.

Meanwhile, the acquaintance between the plaintiff and defendant ripened about the middle of November, 1953 into an engagement to be married. Their marriage finally took place in August, 1954 and they established their marital domicile in one of the apartments owned by the plaintiff.

Commencing in the spring of 1954, prior to the marriage of the parties, the defendant began to improve the plaintiff's property, including an additional piece of real estate purchased by her. Thus, the defendant improved the grade of the premises, and erected a garage building with two apartment units on the second floor. Part of the improvements to the premises were paid for by the proceeds of a loan secured by a mortgage on the plaintiff's real estate. The balance was paid by the defendant. The Chancellor found as a fact that the defendant put into the improvements approximately one-third of his estate, or the sum of approximately $23,000.

The plaintiff and defendant lived together as man and wife in apparent harmony until the fall of 1956, at which time incidents took place as a result of which, on October 15, 1956, the plaintiff left the marital domicile. The defendant remained living in the former marital domicile.

The plaintiff sought to prove that she left her husband because of his physical violence to her and because of her fear of future physical violence. The defendant categorically denied any physical violence.

He, in fact, claimed that his wife had left him without lawful cause. The Chancellor found as a fact that the plaintiff had no lawful cause to leave her husband.

After final hearing, the Chancellor held that since the plaintiff had left her husband without cause, she could not evict him from the apartment which had been their marital domicile, but could operate her other rental properties for her own profit, and directed the imposition of a lien on the plaintiff's property in favor of the defendant in the amount of $19,616.32, which amount he held represented the extent of his own assets used to improve the plaintiff's property not intended as gift from him to her.

From this judgment the plaintiff appeals.

First, the plaintiff argues that the Chancellor's finding, that she left her husband without lawful cause, is erroneous and should be reversed because it is based solely on the testimony of the defendant, himself, and rejects testimony of witnesses other than the wife to the contrary.

Second, the plaintiff argues that the Chancellor's finding that the defendant did not intend to make a gift to her of the amounts of his own assets used to improve her property is erroneous and should be reversed for the reason that, under such circumstances, a husband presumptively intends a gift to his wife, and that this presumption may be rebutted only by clear and convincing proof, which, it is argued is lacking in the case at bar.

Thirdly, the plaintiff argues that the Chancellor committed error in holding that a wife, leaving her husband in possession of the former marital domicile owned by her, may not thereafter disposses him unless her leaving was with lawful cause.

The first two matters argued by the plaintiff are fundamentally questions of fact to be resolved by the trier of fact. Ordinarily, on appeal a finding of fact if supported by the evidence will not be overturned by this court. *S & S Builders, Inc. v. Di Mondi*, 11 *Terry* 223, 126 *A.2d* 826.

With respect to the Chancellor's finding that the plaintiff left the defendant without lawful cause, the argument is made that since the evidence in support of the defendant's position consisted of his testimony alone, and since the plaintiff's witnesses—who, incidentally, were connected by relationship or marriage—testified to the contrary, this Court should make its own finding of the fact to the effect that the leaving was lawful. We disagree. It seems clear to us from the record that the issue of fact of necessity had to be resolved by considerations of credibility. The Chancellor heard the testimony from the stand and, it is obvious, accepted the defendant's version of the circumstances as the more credible. He apparently believed the defendant and did not believe the plaintiff. We accept his finding.

With respect to the Chancellor's finding that the defendant had sufficiently rebutted the presumption of gift arising from the improvement of his wife's property, we think the same observation is applicable. The Chancellor heard the witnesses and under the circumstances, we think his finding must be accepted.

With respect to the third question, a different situation presents itself. It is fundamentally a question of law. The question for our decision is the right of a wife, who owns in her sole right the property in which the marital domicile had been established, and who, without lawful cause, leaves her husband, to sue to repossess her property and to evict her husband from the former marital domicile.

Initially, we observe that under the law of this state a wife may not sue her husband in the Superior Court for any purpose. *Plotkin v. Plotkin,* 2 *W.W.Harr.* 455, 125 *A.* 455, although it is well established that a wife, because of her inability to sue her husband at law, may bring suit in equity against him for the enforcement of certain rights, e. g. the specific performance of a separation agreement, *Peters v. Peters,* 20 *Del.Ch.* 28, 169 *A.* 298, and for separate maintenance, *DuPont v. DuPont,* 32 *Del.Ch.* 413, 85 *A.2d* 724. The Chancellor's holding denies to a deserting wife the aid of the processes of equity to recover her sole property in his possession if that property had formerly been the marital domicile.

There is no reported decision in Delaware specifically governing the case at bar. It is a case of first instance. The courts of our sister states which have had this problem before them have divided upon it. It would serve little purpose to review *seriatim* these decisions. The citations will be found in the Chancellor's opinion (143 *A.2d* 123), and many are collected in 21 *A.L.R.* 745.

It is sufficient to state that one of the two lines of decision takes the view that a wife whose sole and separate property is secured to her by statute is entitled to be protected in her property even against the retention of possession by her husband, whom she has deserted, of the former marital domicile owned by her. These courts take the view that if by statute the common law inability of a wife to control her separate property has been removed, the courts are bound to protect her statutory rights irrespective of the effect upon the marital relationship.

Those courts which follow the opposing line of authority do so on the ground that a court should not lend its process in aid of a deserting wife since to do so would be a disruption of the marriage relationship which has always been sought to be preserved by the courts.

We are faced with the necessity of choosing between these two divergent lines of cases. We think our choice must be governed by two statutes enacted by our General Assembly. The first of these is 13 *Del.C.* § 311, the so-called *Married Woman's Property Act*. This act provides that the property of a married woman, together with "all the income, rents and profits thereof, shall be deemed to be her sole and separate property." The act further authorizes a married woman to sell or otherwise dispose of her separate property as though she were unmarried, but preserves the husband's common law right of curtesy in her real estate. This latter provision would, of course, be a possible deterrent to a sale of the property by the wife, but has no bearing at all on her right to possession and to the rents and profits.

It is difficult to see how the act could have conferred much broader powers on a wife in the management of her separate property. It excepts no property of the wife from the embrace of its provisions, but for the proviso continuing the husband's right of curtesy. There-

fore, to follow the line of authorities holding that a wife may not evict her deserted husband from her property formerly used as the marital domicile would be to write into our act a judicially created exception to its terms. If we write the exception into the act, the anomalous situation would result that a deserting wife may evict her husband from only that part of her separate property which had not been used as the joint residence of the parties, despite the clear language of the act which in terms applies to all her property. This, it seems, would be to penalize a generous wife who has relieved her husband of his legal duty to provide a home.

Furthermore, the wisdom of engrafting such an exception on the *Married Woman's Separate Property Law* is doubtful. Since the reason given for the exception is the desire of courts to preserve the marital status, it should follow that the enforcement of the exception would restore the status and effect a reconciliation. It would hardly seem, however, even if the economic coercion of an inability to obtain possession of her own property led to the errant wife's return to cohabitation, that her return would in fact be a reconciliation based upon love and affection and thus a real preservation of the marital relationship. The preservation would be forced at best.

Furthermore, it is now apparently the policy of the State of Delaware not to compel the continuance of a marital relationship between unwilling parties, even though the conduct of neither the husband nor wife has been such as heretofore would have justified the entry of a divorce decree. In 1957 the General Assembly amended 13 *Del.C.* § 1522 by the addition of a further ground for divorce consisting of living separate and apart for three consecutive years without any reasonable expectation of reconciliation. The referred-to addition to the grounds for divorce, obviously, makes divorce upon such ground available to either husband or wife at their sole option and without the fact of the other party to the marriage having given cause for the separation.

Under these circumstances, therefore, and because of our reluctance to write into an otherwise clear statute an exception to its provisions by judicial fiat, we hold in accordance with the line of authorities of other states—which is certainly the numerical majority

of such states and is stated by the commentator in 21 *A.L.R.* 745 to be also the weight of authority—that a wife who leaves her husband without him having given her lawful cause to do so may evict him from possession of all real estate owned by her as her sole property.

One further point remains to be considered and that is, since this plaintiff is a deserting wife at whose door the fault of this controversy may be laid, whether or not the Chancellor, in his discretion, may deny her relief. We think not. The case before us differs from the type of case before us in *Richard Paul, Inc. v. Union Improvement Co.,* 33 *Del.Ch.* 113, 91 *A.2d* 49, in which we pointed out that if a plaintiff denies equity to the defendant, the Chancellor, in his discretion, may refuse all relief and leave the parties to their remedies at law. Such is not the case before us, because by reason of *Plotkin v. Plotkin, supra,* this wife has no remedy at law. If she is to have a remedy, it must be in equity. We have held that she has a legal right to possession of her property and, such being the case, the Chancellor has no discretion to deny her enforcement of that legal right.

By reason of the foregoing, we affirm that portion of the judgment of the court below imposing a lien upon the plaintiff's property and we reverse that portion of the judgment which continues the defendant in possession of the wife's premises. A mandate will be issued providing for the above, and with the direction to award such appropriate relief as may be required to put the plaintiff back into possession of her separate property.