KATHERINE ANN ROLPH, Plaintiff, v. LEWIS KENNARD ROLPH, Defendant.

(*March* 6, 1959.)

SEITZ, Chancellor, sitting.

*Hugh Corroon* (of Berl, Potter and Anderson) for plaintiff.

*John M. Bader* (of Balick and Bader) for defendant.

Superior Court for New Castle County, No. 556, C. A., 1958.

SEITZ, Chancellor:[1]

Plaintiff, wife, brought an action for divorce against the defendant, husband, based upon the three years voluntary separation provision of our statute, 13 *Del. C.* § 1522. This ground was added to the divorce statute by an amendment passed April 3, 1957, which reads as follows:

"(11) When husband and wife have voluntarily lived separate and apart, without any cohabitation for three consecutive

---

[1]Assigned as Acting Superior Court Judge by the Supreme Court of Delaware.

years prior to the filing of the divorce action and such separation is beyond any reasonable expectation of reconciliation."

The petition for divorce also requested that defendant's interest in certain real estate held by them by the entireties be assigned to her. Plaintiff obtained a decree nisi of divorce. However, the defendant moved to dismiss the plaintiff's prayer for assignment of his interest in the real estate. This is the decision thereon.

Plaintiff's request for an assignment was made under 13 *Del. C.* § 1531, which in its basic form was adopted many years ago and which, insofar as pertinent, provides:

"(a) When a divorce shall be decreed for the aggression of the husband, the complainant shall be restored to all her real estate, and allowed, out of her husband's real and personal estate, such share as the court thinks reasonable; * * *"

The question is whether 13 *Del. C.* § 1531, providing for a property allowance to the wife, applies in a case where the wife secures the divorce on the statutory ground that the parties have been voluntarily separated for three years. No contention is made that the statute is inapplicable because entireties property is involved.

The defendant's counsel points out that under 13 *Del. C.* § 1531, the power of the court to act on behalf of the wife arises. "When a divorce shall be decreed for the aggression of the husband". He contends that a divorce granted on the basis of three years voluntary separation is not founded upon the aggression of either party. The court agrees.

Plaintiff's attorney contends that there can be a divorce decreed for the aggression of the husband under 13 *Del. C.* § 1522(11). I am unable to follow this contention in view of the language of the statute. I think it clear that this statutory ground for divorce requires that the voluntary action, whether express or

tacit, be the action of both parties. Thus, there has been injected into our divorce laws a ground which differs from any of the traditional concepts of "aggression" in connection with the granting of divorces. See *Owens v. Owens, Del.,* 149 *A.* 2d 320.

■ Plaintiff also seems to argue that even though the divorce was granted on the ground of three years voluntary separation, nevertheless, the court may take evidence to determine whether the plaintiff is the innocent party and the defendant the agressor for the purpose of applying 13 *Del. C.* § 1531. I do not believe that the statute permits such a procedure. I say this because the court is granted authority to allow the wife a portion of the husband's property only where the divorce is decreed for the aggression of the husband. As stated, such was not the case here. If this aspect of the law is to be changed it must be changed by the Legislature.

■ I therefore conclude that the defendant's motion to dismiss the plaintiff's petition for an assignment of the jointly held real estate should be granted. I assume that the entry of the final divorce decree is a matter for the Judge who granted the decree nisi.

Present order on notice.