Doris S. Maloney, Plaintiff Below, Appellant, v. Francis B. Maloney, Defendant Below, Appellee.

(*July* 6, 1962.)

Southerland, Chief Justice, Wolcott, Justice, and Marvel, Vice Chancellor, sitting.

*Joseph A. Rosenthal* (of Cohen and Morris) for appellant.

No appearance for appellee.

Supreme Court of the State of Delaware, No. 67, 1961.

Marvel, V. C.:

Plaintiff appeals from an order dismissing her uncontested petition for a divorce from the bonds of matrimony. The evidence adduced at trial establishes that the parties were lawfully married on January 12, 1957 and thereafter lived together in Delaware despite at least one temporary separation until the early part of July 1958. No issue was born of the marriage. After the parties finally separated plaintiff lived separate and apart from her husband in Claymont, Delaware, where, at the time of the divorce hearing, she maintained a home for herself and a daughter by a former marriage.

The petition herein was filed on July 7, 1961 and prayed for a divorce under the terms of the so-called voluntary separation section of the Delaware divorce law.[1] The petition alleges that plaintiff and defendant had "* * * voluntarily lived separate and apart, without any cohabitation for three consecutive years prior to the filing of this divorce action * * * and such separation is beyond any reasonable expectation of reconciliation."

---

[1]Title 13 *Del. C.* § 1522(11).

Summons issued on the day the petition was filed and on July 13, 1961 the defendant Francis B. Maloney, who was at the time and apparently still is a domiciliary of the State of Delaware, was personally served with summons in divorce together with a copy of plaintiff's petition. No appearance thereafter having been entered nor answer filed, the case came on for trial on October 13, 1961 as an uncontested case. On October 16 the trial judge concluded in a letter opinion that the evidence adduced by plaintiff "* * * did not make up a case for divorce on the ground of voluntary separation." Plaintiff then petitioned for reargument, and the Court, in denying such motion, elaborated on its reasons for dismissing plaintiff's petition, pointing out that "* * * the only evidence as to defendant's view of the separation was that he remained silent * * *." Thus the trial judge held that some affirmative act was required to show his consent to the separation.

Title 13 *Del. C.* § 1522(11), which became effective on April 3, 1957, established entirely new grounds for divorce in Delaware. Such grounds read as follows:

"When husband and wife have voluntarily lived separate and apart, without any cohabitation for three consecutive years prior to the filing of the divorce action and such separation is beyond any reasonable expectation of reconciliation."

In giving sanction to a wife's eviction of her husband from premises owned by her, the change in legislative policy towards separation and divorce reflected in Title 13 *Del. C.* § 1522(11) was analyzed by this court in *Owens v. Owens* (Sup. Ct. Del.) 149 *A.* 2d 320, as follows:

"Furthermore, it is now apparently the policy of the State of Delaware not to compel the continuance of a marital relationship between unwilling parties, even though the conduct of neither the husband nor wife has been such as heretofore would have justified the entry of a divorce decree. In

1957 the General Assembly amended 13 *Del. C.* § 1522 by the addition of a further ground for divorce consisting of living separate and apart * * * without any reasonable expectation of reconciliation. The referred-to addition to the grounds for divorce, obviously, makes divorce upon such ground available to either husband or wife at their sole option and without the fact of the other party to the marriage having given cause for the separation."

In *Rolph v. Rolph* (Del. Super.) 149 *A.* 2d 744, Chancellor Seitz, sitting as an acting Superior Court Judge on a wife's petition for an assignment to her of property allegedly held by the parties as tenants by the entireties, held that the voluntary aspects of § 1522(11) were incompatible with any theory of aggression on the part of the husband and dismissed the petition. In so doing, he stated that there had been injected into our divorce laws a ground which differs from any of the traditional concepts of "aggression" in connection with the granting of divorces and that what was required to make a divorce possible under this new section was the voluntary action of both parties, whether express or tacit.

The trial court, in declining to grant a divorce in the case at bar, relied on Judge Herrmann's opinion in *Schmitthausler v. Schmitthausler, C. A.* 478, 1957, a case in which the necessity of a showing of a continued voluntary separation was stressed. However, the facts of the cited case were to the effect that the plaintiff husband had come alone to Delaware from Michigan in 1949 and had failed to provide a home for his wife at his new domicile. Furthermore, plaintiff did not thereafter at any time invite his wife to come to Delaware. At the trial, at which the wife was represented by counsel, evidence was also introduced to the effect that she had written her husband in 1953 urging him to resume cohabitation either in Michigan or Delaware. The wife was also a witness at the trial and testified that she had always wanted to

terminate the separation and still wished to resume marital life. Compare *Martin v. Martin,* 82 *U. S. App. D. C.* 40, 160 *F.* 2d 20.

■■ The evidence in the case at bar, on the other hand, is clearly to the effect that not only did the parties not live together for the prescribed statutory period of three years but that the husband, who resided in Delaware during such period, made no effort in response to personal service either to contest the action or to effect a reconciliation with his wife. In our opinion such silence and inaction on the husband's part for the required statutory period constituted tacit acquiescence in a voluntary separation in which there was no reasonable expectation of reconciliation. Compare *Buford v. Buford,* 81 *U. S. App. D. C.* 169, 156 *F.* 2d 567. We see no reason, on principle, why the voluntary agreement to live apart may not be shown by conduct or by silence as well as by express assent. Plaintiff accordingly is entitled to a divorce under the terms of Title 13 *Del. C.* § 1522 (11). A mandate will issue reversing the order of the Court below and directing that a divorce decree *nisi* be entered on plaintiff's petition.