THELMA C. WILLCOX, Defendant Below, Appellant, v. OSWIN B. WILLCOX, Plaintiff Below, Appellee.

*(April* 1, 1965)

WOLCOTT, C.J., CAREY, J., and SHORT, Vice Chancellor, sitting.

*Donald W. Booker,* of Coxe, Booker, Walls & Cobin, for appellant.

*Ralph F. Keil* and *Carl Goldstein,* of Keil & Keil, for appellee.

Supreme Court of the State of Delaware No. 93-1964.

WOLCOTT, Chief Justice.

This is an appeal from a judgment of divorce granted pursuant to 13 *Del.C.* Sec. 1522(11) authorizing divorce when the husband and wife have voluntarily lived separate and apart without cohabitation for

three years prior to the filing of the action without any reasonable expectation of reconciliation. The husband was the petitioner below; the wife the appellant here.

This husband and wife were married July 30, 1940. Four children were born of the marriage. Following their marriage they had considerable difficulty for many years before the separation involved in this action took place. In the course of many arguments between them each frequently requested the other to leave the house and home.

In November, 1959, an arguement took place. Accordingly, he packed his things and left the domicile, thereafter living separate and apart in Claymont, Delaware. The wife continued to reside at the old domicile.

The complaint alleges that the parties separated voluntarily; have continued to live separate and apart for in excess of three years prior to the filing of the complaint, and that there is no hope of reconciliation. The answer of the wife admits the separation and the living separate and apart, but denies that the separation was voluntary on her part.

The amendment to 13 *Del.C.* Sec. 1522 adding the referred-to-grounds for divorce represents a change in the philosophy of the Delaware Divorce Law which theretofore had been based fundamentally upon the concept of fault on the part of either the husband or wife. By the addition of this ground of divorce the General Assembly authorized the dissolution of a marriage which had terminated in discord with no possibility of mending in the absence of anyone's fault.

We recognized this change in the philosophy of the Divorce Law in *Owens v. Owens* Del., 149 A.2d 320. A divorce may now be granted for voluntary separation with no possibility of reconciliation irrespective of the absence of fault on the part of either the husband or wife. Obviously, however, if the separation is caused by the fault of one against the will of the other, no divorce may be granted on the ground that the separation was voluntary for the reason that the

statute requires mutual agreement to separate.

Thus it is that we have before us in the case at bar the very narrow question as to whether or not the separation between these parties was voluntary on both sides. The trial judge, we think, found from the evidence that irrespective of the nature of the initial separation, it was continued with the consent of both husband and wife for a period longer than three years. Our function in 'review is to determine whether or not the evidence produced justified his finding in this respect.

The appellant wife maintains that she is separated from her husband not by reason of any voluntary action on their part, but by reason of his desertion of her. It is her position that at the time the husband left the domicile he did so not with her consent, and that, thereafter, she did nothing to indicate that he remained separated from her with her consent. In response to a question as to whether or not she would be willing to become reconciled with her husband and to resume cohabitation, she stated that she did not have a closed mind about the subject, and that if her husband asked her to resume cohabitation she would have to consider it. This falls short of evidencing a present desire for reconciliation.

The husband, on the other hand, testified that at no time during the course of the separation had he approached his wife or been approached by her for the purpose of effecting a reconciliation. He further flatly testified that the separation which took place in 1959 between him and his wife was voluntary and with the consent of both parties.

Called as a witness was the oldest daughter of the parties. Her testimony was to the effect that, to her knowledge, her parents had been living in separate bedrooms for a period of about seven years prior to the separation; they each had asked the other many times to leave the home prior to the separation, and that in her opinion there was no possible chance of reconciliation between her father and mother.

These parties had been separated approximately four and one-half years prior to the filing of this action. During that period there was no attempt on the part of either to become reconciled. There is in evidence a letter from the wife to the husband dated September 15, 1960 expressing the hope that since they had been so unhappy for the preceeding six years, he was more relaxed and contented at that time, *viz* following the separation. The following statement appears in this letter: "There are always adjustments to be made. For myself, I would prefer being on a friendly, impersonal basis with you. All of us would be happier, I think. With best personal wishes for the future."

■ We think the quoted excerpt from the wife's letter of September 15, 1960, while not precisely clear upon the issue of her acquiescence in the separation, indicates nevertheless that such was in fact the truth. This, therefore, coupled with the affirmative testimony of the husband, corroborated to a large extent by that of the oldest daughter, justifies the conclusion on the part of the trial judge that the separation between this husband and this wife became voluntary on both sides for a period in excess of three years prior to the action.

■ THis conclusion is strengthened, furthermore, by the fact that throughout the period of separation prior to the commencement of the divorce action, no attempt was made by the wife to persuade her husband to return to cohabitation and to effect a reconciliation. While the absence of such attempt may not be conclusive, it is nevertheless at least some evidence that she acquiesced in the separation which makes it voluntary on both sides. *Maloney v. Maloney,* Del. 183 A.2d 172.

For the foregoing reasons, therefore, the judgment below is affirmed.