Charles B. BUONASSISI, Plaintiff,

v.

Mary Field BUONASSISI, Defendant.

Supreme Court of Delaware.

June 12, 1970.

Edmund D. Lyons, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

Clyde M. England, Jr., of Killoran & Van Brunt, Wilmington, for defendant.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This certification arises out of an action for divorce by husband against wife on the ground of incompatibility, under 13 Del.C. § 1522(12).[1] The wife filed an answer neither admitting nor denying the allegations, but reserving the right to seek a division or allowance of property. After an uncontested hearing, the Superior Court granted a decree nisi. The wife filed a petition for an allowance or division of real and personal property, under 13 Del.C. § 1531(a).[2]

The questions accepted for certification are these:

"1. Is the appellant wife an aggressor within the meaning of 13 Del.C. § 1531 (a) such that the Superior Court has the authority to make an allowance to the whole or a part of her real estate, and also such share of her husband's personal property as seems reasonable."

By Amendment approved June 9, 1970, § 1531 now provides, *inter alia*, that at the suit of the husband "whatever the grounds, the wife may be allowed out of her husband's real estate, personal estate or both, such share as the court deems reasonable." The Amendment also provides that, where a divorce is granted on the ground of incompatibility, the Court may order support payments for a dependent defendant "to continue while defendant remains alive and unmarried or for such shorter period as the order of the court may fix." The Amendment was made inapplicable to any divorce action filed before its effective date. Thus, the new Amendment is inapplicable to the instant case and this decision becomes necessary.

---

1. 13 Del.C. § 1522(12) provides:
"(12) When husband and wife are incompatible in that their marriage is characterized by rift or discord produced by reciprocal conflict of personalities existing for 2 consecutive years prior to the filing of the divorce action, and which has destroyed their relationship as husband and wife and the reasonable possibility of reconciliation."

2. 13 Del.C. § 1531(a) provided, prior to recent amendment, as follows:
"(a) When a divorce shall be decreed for the aggression of the husband, the complainant shall be restored to all her real estate, and allowed, out of her husband's real and personal estate, such share as the court thinks reasonable; but if the divorce be for the wife's aggression, the court may restore the

appellant wife out of the personal property of the husband?

"2. If under the circumstances above the appellant wife cannot be considered an aggressor within the meaning of 13 Del.C. § 1531(a), does the Superior Court nonetheless have the power, pursuant to said section, to make an allowance to the appellant wife out of the appellee husband's personal property?"

The determinative question here is whether the term "aggression", as used in 1531(a), can be applied meaningfully in connection with a divorce granted on the ground of incompatibility under § 1522(12). We think it can.

As we noted in J.A.D. v. P.L.D., Del. Supr., 259 A.2d 381 (1969), there is no statutory counterpart of § 1522(12) elsewhere. In other jurisdictions which have adopted incompatibility as a ground for divorce (Alaska, New Mexico, Oklahoma, and the Virgin Islands) the statutes specified only "incompatibility" or "incompatibility of temperament" as the ground for divorce, without further definition, leaving it to the courts to define the term. However, as set forth in J.A.D., we found that the drafters of § 1522(12) adopted recognizable language from the opinion of the Supreme Court of Oklahoma in Hughes v. Hughes, 363 P.2d 155 (1961):

"Mutual incompatibility, within the terms of the statute, denotes generally a state of irremediable rift or discord produced by a reciprocal conflict of personalities."

Having identified our statutory language in the *Hughes* case, we found in that case, and in the other case law which gave rise to it, assistance in the definition of the § 1522(12) language.

Here, however, in dealing with the relationship of § 1522(12) to another unique-

ly worded statute, i.e., § 1531(a), we find no assistance in cases from other jurisdictions.

As a starting place on the problem, we look to the definition of "aggression" as stated by this Court in Wife v. Husband, Del.Supr., 258 A.2d 283 (1969):

"The word 'aggression' in the statute [13 Del.C. § 1531(a)] presumably signifies fault or wrong-doing of a type justifying a divorce decree. * * *."

The applicability of the term "aggression", therefore, depends on whether "fault" is found when a divorce is granted upon the ground of incompatibility. That some element and degree of "fault" exists on the part of both parties, in our view of incompatibility as a ground for divorce under § 1522(12), appears from the analysis of that ground as set forth in *J.A.D.* We there stated (259 A.2d 384) that this ground for divorce contemplates *mutual* and *bilateral* incompatibility:

"* * * Under the guidelines we have adopted, there can be only one kind of incompatibility—mutual and bilateral. This is inherent in the term. There cannot be a one-sided incompatibility. * * * it is inconceivable that the wife's personality in the instant case does not conflict with that of the husband if his conflicts with hers. It takes two to make a conflict. If there is a 'conflict of personalities', both must conflict; and the conflict thereby becomes 'reciprocal'."

In the discussion of the case law to which we traced the language used in § 1522(12), we noted in *J.A.D.* the "law will not undertake to measure the degree in which each spouse may have contributed to the development of incompatibility."

We are of the opinion that some degree and element of fault are contained in the gravamen of the incompatibility

ground for divorce. As spelled out in the authorities cited in *J.A.D.*, it need not be a conscious or intentional fault. It must be more than a trivial fault such as will "momentarily jar and disturb the peace and harmony of matrimony"; rather, it must be a degree of fault "sufficient to destroy a normal and wholesome marital association." Such is the mutual fault which must be found to warrant the grant of a divorce on the ground of incompatibility under § 1522(12); and we assume it was found in the granting of the decree in the instant case. Such degree of fault, we think, is encompassed within the word "aggression" in § 1531(a). Compare Wife v. Husband, Del.Supr., 258 A.2d 283 (1969).

■ The husband in the instant case relies heavily upon Rolph v. Rolph, 1 Storey 522, 149 A.2d 744 (1959) wherein the Superior Court held that there was no element of § 1531 "aggression" in the divorce ground of voluntary separation under 13 Del.C. § 1522(11).[3] The two situations are clearly distinguishable: in voluntary separation cases, the Trial Court need consider only the fact of separation and the probability of reconciliation, without being obliged to delve into the cause; in incompatibility cases on the other hand, as we have seen, the nature of the cause of the "rift and discord" is an important element of the ground. Accordingly, without intending to indicate approval of *Rolph,* we hold that case inapposite in incompatibility cases.[4]

\* \* \* \* \* \*

For the reasons stated, the First Question certified is answered in the affirmative. We do not reach the Second Question.

3. 13 Del.C. § 1522(11) provides:
   "(11) When husband and wife have voluntarily lived separate and apart, without any cohabitation for 18 consecutive months prior to the filing of the divorce action and such separation is beyond any reasonable expectation of reconciliation."

4. See, generally, Wadlington, Divorce Without Fault Without Perjury, 52 Va. L.Rev. 32 (1966).