HUSBAND, M. Z., Plaintiff Below, Appellant,

v.

WIFE, M. Z., Defendant Below, Appellee.

Supreme Court of Delaware.

June 24, 1971.

William E. Wiggin, of Richards, Layton & Finger, Wilmington, for plaintiff below, appellant.

C. Walter Mortenson, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The appellant husband was granted a divorce from the appellee in Superior Court on the ground of incompatibility. The wife filed a petition for an allowance of a share of the real and personal property, under T. 13 Del.C. § 1531(a),* which reads as follows:

"When a divorce shall be decreed for the aggression of the husband, the complainant shall be restored to all her real estate, and allowed, out of her husband's real and personal estate, such share as the court thinks reasonable; but if the divorce be for the wife's aggression, the court may restore the whole or a part of her real estate, and also such share of her husband's personal property as seems reasonable.'

The Court below held that the word "complainant" in the foregoing quotation, as applied to an incompatibility case, refers to a wife who asks for the property division, even though she is an unsuccessful defendant. It also held that it could include in that division of property an allowance from the husband's real estate located in another State. This appellant challenges both of those rulings. He does not challenge the specific division ordered by the Court, if it be found that the Court has the right to make that division.

In J. A. D. v. P. L. D., Del.Supr., 259 A.2d 381 (1969), we pointed out that

---

* The amendment of this provision, approved June 9, 1970, makes important changes which are inapplicable to the present case, because it was instituted prior to that date. See footnote in Buonassisi v. Buonassisi, Del.Supr., 267 A.2d 888 (1970).

there is no such thing as a one-sided incompatibility; it can only exist when the "conflict of personalities" is mutual and bilateral. Some degree of fault, "insufficient to destroy a normal and wholesome marital association," on the part of each spouse must exist. Buonassisi v. Buonassisi, Del.Supr., 267 A.2d 888 (1970). The decree, based upon the ground of incompatibility, necessarily implies a finding of fault on the part of the husband as well as the wife. We assume this mutual fault was determined to exist in the instant case.

■ The quoted statute permits an allowance to the wife out of the husband's real and personal property when he is the "aggressor" and the wife is the "complainant." In most cases based on other grounds, such an allowance could be made only if the wife were an innocent plaintiff and the husband a guilty defendant. When the ground for divorce is incompatibility, however, both parties are "aggressors," and either party may bring the action. Buonassisi v. Buonassisi, *supra*. In that situation, the settlement of property rights ought not and does not, under the statute here involved, depend upon a race to the Courthouse, which would be the case if the word "complainant" is intended to be synonymous with "plaintiff." It is noted that § 1531(a) uses the word "complainant" rather than "plaintiff" in describing the wife. The only interpretation which seems to make sense in the present context is that the word "complainant" refers to the wife who applies for the property division. We agree with the Court below on this point.

■ We likewise agree that the Court can make an allowance or division of real property located in another State. 3 Nelson, Divorce and Annulment, § 33.43. This power is predicated upon the Court's jurisdiction over the plaintiff's person.

The order of the Superior Court will be affirmed.