**WIFE V., Appellant,**

v.

**HUSBAND V., Appellee.**

Supreme Court of Delaware.

May 5, 1972.

Elwyn Evans, Jr., Wilmington, for appellant.

Sidney Balick and William C. Bradley, Jr., of Aerenson, Balick & Balick, Wilmington, for appellee.

CAREY and HERRMANN, JJ., and DUFFY, Chancellor, sitting.

DUFFY, Chancellor.

This is an appeal by a wife from a judgment of divorce based on voluntary separation under 13 Del.C. § 1522(11).

I

In 1957 the General Assembly amended 13 Del.C. § 1522 by adding subsection (11) as a cause of divorce from the bonds of matrimony; it provided for divorce

"When husband and wife have voluntarily lived separate and apart, without any cohabitation for three consecutive years prior to the filing of the divorce action and such separation is beyond any reasonable expectation of reconciliation." [1]

This statute adds the no-fault concept to Delaware divorce law, Owens v. Owens, Del.Supr., 38 Del.Ch. 220, 149 A.2d 320 (1959), by making divorce available to either spouse at his or her "sole option and without the fact of the other party . . . having given cause for the separation." The statute substitutes "voluntary action" for the traditional concept of "aggression" as the basis for dissolution of marriage. Aggression, of course, involves action by one spouse only, but voluntary action must be that of both parties; and it may be "express or tacit." Rolph v. Rolph, Del.Super., 1 Storey 552, 149 A.2d 744 (1959); Maloney v. Maloney, Del.Supr., 4 Storey 572, 183 A.2d 172 (1962).

The statute thus requires proof that the parties have (a) lived separate and apart, (b) without any cohabitation, (c) for eighteen consecutive months prior to the filing of the action, and (d) that the separation is beyond any reasonable expectation of reconciliation, and (e) that the separation is by the voluntary action of both spouses. These are findings of fact which the trial court is obliged to make before concluding that a party is entitled to divorce under § 1522(11). [2] "Tacit" approval by the wife (i. e., making the separation a "voluntary action" on her part) is the key fact issue here and we focus on that.

As the Chief Justice said in Willcox v. Willcox, Del.Supr., 209 A.2d 166 (1965),

" . . . if the separation is caused by the fault of one [spouse] against the will of the other, no divorce may be granted on the ground that the separation was voluntary for the reason that the statute requires mutual agreement to separate."

A separation caused by the misconduct of one spouse (desertion, adultery, or extreme cruelty, for example) is normally an involuntary separation. Compare Buchanan v. Buchanan, Del.Supr., 229 A.2d 832 (1967). It is certainly not voluntary within the meaning of § 1522(11). And mere passage of time, or failure by the innocent party to seek a reconciliation, or to respond to a complaint for divorce does not establish that such a separation has become "voluntary" under the statute. [3] Nor does passive resignation to a separation which a spouse is powerless to prevent make it voluntary on the part of that spouse. Paraskewich v. Paraskewich, Del.Supr., 223 A.2d 530 (1966).

There is no duty on a wronged spouse to take the affirmative in seeking a

---

1. In 1968 "18 consecutive months" was substituted for "three consecutive years." 56 Del.L., Ch. 296, § 2.

2. We do not regard the discussion of voluntary separation in Buonassisi v. Buonassisi, Del.Supr., 267 A.2d 888 (1970) as inconsistent with this. That discussion assumed that the separation was shown by the evidence to be the "voluntary action" of both spouses and that the cause thereof was not at issue.

3. In Maloney v. Maloney, supra, the Court implicitly found that the separation was by agreement (i. e., voluntary) from the beginning.

restoration of marital life at the risk of having a court say that failure to do so transforms an involuntary separation into one that is voluntary; the law does not require, for example, a wife abandoned by her husband for another woman to take the affirmative in seeking his return. If the law were otherwise it would permit a spouse to convert his own misconduct into an essential element for divorce.

## II

In this case the parties were married in 1947. Shortly thereafter a pattern of separations started ranging in length from two months to one year. These generally ended when the husband returned home and some mutual effort was then made to reconcile differences. The last and final separation occurred in 1963. At the time of trial the husband admittedly had been living with another woman for about two years.

We have examined the record and we conclude that there is evidence to support the findings by the trial judge. It is undisputed that the prior-to-1963 relations between the parties were volatile and separations were numerous. In this context, defendant decided to leave and, he testified, his wife said, "take off." The circumstances under which defendant left, the construction to be placed on his wife's comment, the nature of reconciliation efforts, and the underlying reasons for the marital discord were all in substantial dispute. The differences were resolved by the trial judge in favor of the husband. Implicitly, he found that the initial separation, although it was begun in anger on both sides, was not caused by the husband's misconduct and that it was voluntary on the wife's part for the requisite period of time.

Since the trial judge heard the witnesses, we cannot say that he was clearly wrong. Accordingly, his conclusion that the separation was voluntary on defendant's part is approved and the judgment will be affirmed.