**WIFE T, Defendant Below, Appellant,**

v.

**HUSBAND T, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 15, 1975.

Decided Dec. 19, 1975.

L. Vincent Ramunno, Wilmington, for defendant below, appellant.

John T. Gallagher of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM.

In this action the Superior Court granted plaintiff-husband's petition for divorce based on voluntary separation, 13 Del.C. § 1522(11), and denied defendant-wife's motion for a new trial. This appeal followed. Under *Levitt v. Bouvier*, Del. Supr., 287 A.2d 671 (1972), we must affirm if the findings are supported by sufficient evidence.

I

The parties were married in 1945 and have been living apart since 1969. In 1968 the husband filed for divorce in Pennsylvania and two years later defendant sought a "bed and board" divorce in the same State. Both petitions were denied. Thereafter the husband moved to Delaware and commenced this action.

II

The first issue for determination is the effect of the wife's suit for a "bed and board" divorce. At trial both counsel involved in the Pennsylvania proceeding testified that under decisional law such an action represents to the Court that the petitioner wishes to live separate and apart from the other spouse. Based on that testimony, the Trial Court held that the

Pennsylvania action by the wife was evidence of her consent to a voluntary separation. We disagree with that conclusion because it is based on an incomplete analysis of all the testimony by the attorneys.

In our view, the wife's complaint in Pennsylvania was not material evidence to support the husband's action for divorce in this State based on allegations that the parties were, in fact, voluntarily separated by mutual consent. We say this for several reasons: (1) the Pennsylvania complaint was based on statutory grounds, namely, "cruel and barbarous treatment" and "indignities" to the person; (2) the Pennsylvania lawyers testified only to the "legal effect" given by the Courts of that State to such a proceeding; (3) the issue here is factual, that is, the separation must be shown to be "voluntary" (or consensual) on the wife's part, cf. *Hallman v. Hallman*, Del.Supr., 9 Storey 145, 215 A.2d 427 (1965); (4) there is no showing that the wife ever adopted (or even knew about) the construction given such a complaint by the Courts of Pennsylvania; (5) the testimony of plaintiff's Pennsylvania attorney, fairly read, shows that the

filing of such a complaint does not mean that the separation is voluntary in the factual sense required by Delaware law.*

### III

The Trial Court also concluded that there was sufficient evidence of voluntariness of the separation on the part of the wife without considering the Pennsylvania petition. The Court did not identify the evidence on which it relied to support that conclusion. We have searched the record and have been unable to find any significant evidence—indeed, there is almost *no* evidence—that defendant ever consented to a voluntary separation. Compare *Wife V v. Husband V*, Del.Supr., 291 A.2d 277 (1972). At best, it shows that the parties had significant differences in their marriage but that is not enough to support a divorce on the basis sought.

Applying the *Bouvier* standard, we find that there is not sufficient evidence to support the judgment of the Superior Court and it must therefore be reversed.

Reversed.

---

* Mr. O'Donnell testified:

"A Sure. When she brings her application for a divorce from bed and board, she tells the Court two things: we are voluntarily separated, and *I am forced to be voluntarily separated because I have grounds against my husband, statutory grounds.*

When he responds and defends such an action, he is not denying the existence of the separation. He is denying that it is authorized by statutory grounds. I don't think that's difficult.

Q Isn't he saying that—we don't know what he is saying. He could be saying in his answer when he denies specific allegations, he could be saying no, we are not voluntarily separated. No, I did not authorize it, because I didn't agree to it, or he could be saying, no, you haven't shown the proof.

A Just a minute. *The ground is not that we are consensually separated, which would*

involve a judgment by both parties. The ground in Pennsylvania is a plaintiff comes to Court and says I voluntarily separated myself from my husband, and *I am entitled to be voluntarily separated from my husband because I have statutory grounds.*

Q But it doesn't make sense to me, because what she says in the petition, she is saying—

MR. GALLAGHER: I object. I hate to get into this, but Mr. Ramunno is arguing with the witness.

THE COURT: I think he can ask the question. Ask the witness the question.

BY MR. RAMUNNO:

Q *She is saying in effect, I'm voluntarily separated because of the conduct of my husband?*

A *Yes, sir.*" (Emphasis added.)