**WIFE S., Respondent below, Appellant**

v.

**HUSBAND S., Petitioner below, Appellee.**

Supreme Court of Delaware.

Submitted April 20, 1976.

Decided June 3, 1976.

Rehearing Denied June 24, 1976.

John T. Gallagher and James F. Waehler of Morris, Nichols, Arsht & Tunnell, Wilmington, for respondent below, appellant.

Jay H. Conner and David H. Erisman, of Conner, Daley & Erisman, Wilmington, for petitioner below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice.

Respondent wife (Mrs. S.) appeals from a decree of the Superior Court granting her husband's petition for divorce on grounds of voluntary separation, 13 Del.C. § 1505(a),(b)(1).[1]

I

The parties were married in 1943, and since 1972 their marriage has been characterized by discord. In 1973 Mr. S. petitioned for divorce on the grounds of wilful desertion, which was denied on July 27, 1974. Shortly thereafter, with her hus-

band's consent, Mrs. S. left Wilmington to rest from the strain of the divorce at the family home in Florida where she stayed for about eighty-five days. During this period the divorce action was in its final stages of reargument and presentation of motions for counsel fees. Some unsuccessful efforts also were being made through counsel toward marriage counseling and possible reconciliation. Mrs. S. left the Florida home and was visiting her daughter enroute to Wilmington when she learned that her husband on November 8th filed the petition for divorce which is the subject of this appeal.

Following her return to the marital home the parties remained under the same roof, but Mr. S. continued to do his own cleaning, cooking and shopping, and to live in a separate bedroom until he moved out in February, 1975.

II

The issue before us is whether the evidence supports the finding that the separation was voluntary; if it is, we must affirm. *Wife T. v. Husband T.*, Del.Supr., 349 A.2d 864 (1975).

The Superior Court found that Mrs. S.'s efforts towards reconciliation were but a legalistic charade and that she "is contesting this action because she cannot reach a suitable agreement on the division of assets;" however, the Court does not state what evidence supports its finding that the separation was voluntary, other than "the actions of the parties since August, 1974."

It is not altogether clear just what actions of Mrs. S. after August, 1974, show that she consented to or acquiesced in a separation; and we find little—if any—evidence that could support such a finding.[2]

1. 13 Del.C. § 1505(a), (b)(1) provides:
    (a) The Court shall enter a decree of divorce when it finds that the marriage is irretrievably broken.
    (b) A marriage is irretrievably broken where it is characterized by (1) voluntary separation.

2. Much of the evidence emphasized by appellee deals with events prior to August, 1974, and is therefore irrelevant to the present inquiry. Furthermore, we do not read the opinion of the Trial Court in the first divorce case as indicating that a divorce would have been granted on grounds of voluntary separa-

Mrs. S. emphatically denies that any separation was voluntary on her part, which contention is supported by the testimony of numerous witnesses. We are not persuaded that her consent or acquiesence was demonstrated by her making attempts towards reconciliation which the trial court believed were not bona fide. At best there is shown a great degree of incompatibility, but that is not sufficient to support a divorce on the grounds sought.

Reversed.

tion. While the Court noted that the cessation of marital status was not attributable to wife but was through mutual fault, the Court also stated: "The evidence shows that neither was able to get along with the other in recent years but that neither wilfully deserted the other intending to do so on a permanent basis." For most of the applicable period, the parties resided under the same roof; thus it was incumbent upon husband to demonstrate that "severance of the marriage relation is complete." Again, the record would not support such a finding.