**ROBERT J.T., Petitioner-Appellant,**

**v.**

**PEGGY J.T., Respondent-Appellee.**

Supreme Court of Delaware.

Submitted: April 23, 1985.

Decided: May 6, 1985.

N. Maxson Terry, Jr., Terry, Jackson, Terry & Wright, Dover, for petitioner-appellant.

Robert C. Wolhar, Jr., Robert C. Wolhar, Jr. & Associates, P.A., Georgetown, for respondent-appellee.

Before McNEILLY, HORSEY and CHRISTIE, JJ.

HORSEY, Justice.

In this appeal the appellant-husband challenges the judgment of the Family Court denying his petition for divorce on the grounds of separation caused by incompatibility.

Respondent-wife contested husband's petition. Wife contended that their separation was not caused by incompatibility but by misconduct of the husband in the form of adultery.

Following trial, the Court found petitioner-husband to have established by a preponderance of the evidence: that the marriage was broken and that reconciliation was improbable—as admitted by both parties. The Court also found that there had been not one but three separations of the parties between September, 1983 and February, 1984; and that the parties were incompatible "at the present." Finally, and most importantly, the Court found substantial evidence that the cause of these separations was "the failure of the wife to have sex with [husband] on a regular basis."

Notwithstanding, the Court, in a decision rendered from the bench at the close of trial on September 10, 1984, held, in effect, that such evidence was insufficient as a matter of law to establish that the separation was caused by incompatibility. 13 *Del.C.* § 1505(a) and (b)(4).[1] In the Court's view of the law, husband's right to divorce based on incompatibility hinged upon the Court's determining the cause of the broken marriage—and specifically, whether it "was the result of a disagreement over the frequency of sex or ... was caused by a relationship [of husband with another woman] ... which only became sexual ... after the separation." On this ground, the Court denied husband's petition for divorce.

Two months later, wife filed her own petition for divorce alleging under oath that the marriage was "irretrievably broken being characterized by a separation caused by the incompatibility of the parties." By then, the parties had been married for 20 years; and the wife sought ancillary relief, including permanent alimony.

■ The Court erred as a matter of law in ruling that the evidence was insufficient for the Court to enter a decree of divorce based on separation caused by incompatibility. 13 *Del.C.* § 1505(a) and (b)(4). "Incompatibility" is defined under § 1503(3) to mean, "marital rift or discord that has destroyed the marriage relation, without regard to the fault of either party." One of the underlying purposes of the Delaware Divorce and Annulment Act, 13 *Del.C.*, ch. 15 as amended, is "to permit dissolution of a marriage where the marriage is irretrievably broken despite the objections of an unwilling spouse." 13 *Del.C.* § 1502(4). Our prior law did require that there be "[s]ome degree of fault ... on the part of each spouse" for divorce to be granted on the grounds of incompatibility, *Husband v. Wife*, Del.Supr., 280 A.2d 710, 712 (1971). However, since enactment of the present Act in 1979, "mutuality as to fault ('produced by reciprocal conflict[s]') is no longer required...." *Wife S. v. Husband S.*, Del. Supr., 413 A.2d 886, 888 (1980). Proof of rift or discord from a reciprocal conflict of personalities is sufficient.

■ Applying the controlling law to the facts, the only reasonable inference to be drawn therefrom is that the rift or discord between the parties was real and not manufactured. *Wife S. v. Husband S., supra* at 888. Hence, separation caused by incompatibility has been clearly established. In the exercise of our appellate review of a bench trial, we conclude that a decree of divorce should have been granted, *Husband v. Wife, supra;* and in the interest of justice the decree should be entered *nunc pro tunc* September 10, 1984, the date of the judgment below.

\* \* \* \* \* \*

The judgment of the Family Court is REVERSED; and the case is REMANDED to Family Court with directions to enter a decree of divorce effective September 10, 1984.

---

1. 13 *Del.C.* § 1505 provides in pertinent part:
   **§ 1505. Divorce; marriage irretrievably broken and reconciliation improbable; defenses; efforts at reconciliation.**
   (a) The Court shall enter a decree of divorce whenever it finds that the marriage is irretrievably broken and that reconciliation is improbable.
   (b) A marriage is irretrievably broken where it is characterized by:
   \* \* \* \* \* \*
   (4) Separation caused by incompatibility.