**In re the MARRIAGE OF Robert P. CONNELL (Husband), Petitioner**

**and**

**Eileen R. Connell (Wife), Respondent.**

Family Court of Delaware,
New Castle County.

Submitted: Sept. 3, 1985.
Decided: Sept. 13, 1985.

Leonard L. Williams, Wilmington, for petitioner (Husband).

John A. Clark, III, Wilmington, for respondent (Wife).

GALLAGHER, Judge.

**I.**

Husband seeks a divorce on grounds of voluntary separation. Paragraph eight of the divorce petition reads as follows:

8. The marriage is irretrievably borken (sic) in that the Petitioner and Respondent have voluntarily lived separate and apart since August, 1983. The marriage of the parties has been characterized by voluntary separation in that said separation is beyond any expectation of reconciliation.

Wife filed an answer admitting all the allegations of the petition except the allegations of paragraph eight which were denied.

**II.**

The pertinent statutes are found in 13 *Del.C.* § 1505(a), (b), and § 1503(8).

Section 1505(a), (b) reads as follows:

(a) The Court shall enter a decree of divorce whenever it finds that the marriage is irretrievably broken and that reconciliation is improbable.

(b) A marriage is irretrievably broken where it is characterized by (1) voluntary separation; or (2) separation caused by respondent's misconduct; or (3) separation caused by respondent's mental illness; or (4) separation caused by incompatibility.

Section 1503(8) reads as follows:

(8) "Voluntary separation" means separation by mutual consent or acquiescence; but if respondent denies that the separation was voluntary then mutual consent or acquiescence must be established either by written agreement of the parties or by proof of institution by respondent of separate judicial proceedings

premised upon respondent's consent to or acquiescence in the separation.

No evidence was offered to establish institution by husband of "separate judicial proceedings premised upon respondent's consent to or acquiescence in the separation." Therefore, in order to prevail in this action, husband must establish by a preponderance of the evidence mutual consent or acquiescence by "written agreement of the parties."

"Agreement" was defined in a jury instruction given in a contract action in *Stuckert v. Cann*, Del.Super., 111 A. 596, 597 (1920) as follows:

> Agreement is one of the necessary essentials of a contract and means the meeting of the minds of the parties to the contract in the same intention, and in this case, before you can find that a contract resulted from the negotiations of the parties, you must find that the minds of the parties met in the same intention.

■ To be voluntary within the meaning of the statute the separation must be mutually voluntary. *Wife S. v. Husband S.*, Del.Supr., 375 A.2d 451 (1977). Evidence showing a great deal of incompatibility will not support a finding of voluntary separation. *Wife S. v. Husband S.*, Del.Supr., 359 A.2d 664 (1976).

The statutory definition of voluntary separation was modified in 1976 to require in a contested case proof of a written agreement or participation in separate judicial proceedings to establish voluntariness. Prior to that time the courts had to weigh the evidence to determine whether respondent by word or deed had given tacit approval to the separation. *Wife V. v. Husband V.*, Del.Supr., 291 A.2d 277 (1972). In the synopsis attached to H.B. 605 (60 *Del.Laws*, Ch. 331) it is stated:

> The definition of voluntary separation needs tightening. This divorce ground is often used by divorce petitioners in an effort to avoid support obligations to needy spouses and, because of the necessity of preventing that result, many contested divorce cases have been added to the Superior Court dockets, greatly increasing the case load of an already overburdened Court. These cases, which sometimes consume days of judicial time, usually involve situations where the petitioner testifies that he or she and his or her spouse are voluntarily living apart from each other and the respondent, while admitting the separation, claims that the separation occurred because of the voluntary act of petitioner contrary to the will of the respondent. The Court must then determine from testimony with regard to intention, acts, correspondence and statements to witnesses whether, in fact, respondent consented to or acquiesced in the separation. This is a wasteful process and the question is often most difficult to decide. Perhaps, more often than not, the decision will go against the person who wants to terminate the marriage. Great benefit should be derived from a changed definition which will make it clear that a divorce will not be granted for voluntary separation in the doubtful case.

■ No reported decision deals with the "written agreement" language modifying the definition of "voluntary separation." I construe "written agreement" as requiring a writing by the parties or by the party contesting voluntariness, clearly agreeing or acknowledging that the separation was voluntary or consensual as defined by the Supreme Court in *Husband V. v. Wife V.*, Del.Supr., 291 A.2d 277 (1972). *See also Wife T. v. Husband T.*, Del.Supr., 349 A.2d 864 (1975).

### III.

Prior to May 1983 the parties had a viable marriage. The parties and wife's son from a previous marriage all lived together. In May 1983 husband resumed drinking after an abstinence of seven years. With the resumption of drinking, friction began to develop between the parties. Husband became hostile to wife and turned away from her. In July 1983 husband ac-

cused wife's son of stealing money from him. Husband claims that he then put wife's son out of the house. On August 1, 1985, wife and her son moved from the marital residence to her mother's residence.

Wife testified that when she moved out of the house she felt her world had been turned upside down and was crying and confused as to what was happening. However, she believed that she had no alternative. A neighbor testified that it was her impression that wife felt that the marriage was "done and finished."

On August 6, 1983, the parties met with an attorney. Wife testified that she believed that the parties were going to an attorney to discuss counseling. In all events, the attorney became husband's attorney because husband had the money to pay the fee. Wife was not represented by counsel. The parties discussed with the attorney the matters to be covered by the agreement. The parties were told by the attorney that an agreement would not be prepared and submitted until the total fee of $225 plus $15 was paid. Payment was made during the month of August, and the parties received in the mail a draft of a separation agreement (PX–3). Wife read the draft of the agreement and made notes which she sent to husband analyzing the benefits that each would receive under the draft of the agreement.*

Husband places great reliance on the checks drawn to the attorney evidencing payment of the attorneys' fees, the draft of the agreement and the notes prepared by wife as establishing separation by mutual consent or acquiescence. The checks drawn by husband to the order of the attor-

ney do not prove voluntariness. The notes indicate that wife regarded the separation as involuntary on her part, stating in part: "what you did to me is like throwing out a 3 year old kid and saying to it, take care of yourself ... (b)ut you fooled me I should have known better ... (i)m not signing any papers. Then I will consult a lawyer." She did in fact consult a lawyer in September 1983. The proposed agreement was never executed by the parties. It proves nothing regarding the separation. In fact, the draft makes no mention of separation.

### IV.

 The evidence offered by husband would be relevant in an incompatibility divorce action. It does not, however, even begin to establish a separation by mutual consent or acquiescence evidenced by the written agreement of the parties. There was no agreement to separate. The separation was voluntary on husband's part and involuntary on wife's part.

Since husband has not sustained his burden of proof, I cannot find from a preponderance of the evidence that the marriage is irretrieveably broken because of voluntary separation. The divorce petition is denied.

SO ORDERED.

---

* Too frequently this Court is required to pass upon separation agreements prepared by an attorney as a so-called scrivener for the parties or as an attorney representing both parties. Such a practice is fraught with danger for the parties and the attorney.